IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL TORRES QUILES,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 05-1258(SEC)
Criminal No. 03-185 (SEC)

# REPORT AND RECOMMENDATION

## INTRODUCTION

On March 9, 2005, petitioner Angel Torres Quiles filed a motion and affidavit in support of a 28 U.S.C. § 2255 petition seeking to vacate his sentence imposed after a guilty plea in Criminal No. 03-185 (SEC) (**Civil No. 05-1258, Docket No. 1**). Petitioner submits in his §2255 petition that in light of a recent court decisions in Blakely v. Washington,[1] Apprendi v. New Jersey,[2] and Booker v. United States [3] the sentence imposed should have been less had the sentencing court considered a lower sentencing guideline without enhancement for abuse of a position of trust and further crediting him with a two (2) level reduction under the safety valve. Furthermore, petitioner makes a generalized assertion of ineffective assistance of counsel.

---

[1] Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004).

[2] Apprendi v. New Jersey, 530 US 466, 120 S.Ct. 2348 (2000).

[3] United States v. Booker, 543 US __, 125 S.Ct. 738 (2005) and United States v. Fanfan, 543 US __, 125 S.Ct. 738 (2005).

Angel Torres Quiles v. U.S.
Civil No.  05-1258(SEC)
Criminal No. 03-0185 (SEC)
Report and Recommendation
Page 2

On April 5, 2005, the United States filed its response to the § 2255 petition. (**Civil No. 05-1258, Docket No. 5**). On the same day, the § 2255 petition was referred to this Magistrate Judge for report and recommendation. (**Civil No. 05-1258, Docket No. 6**).

## PROCEDURAL BACKGROUND

Above petitioner was indicted, together with other co-defendants, in count one of an indictment with conspiracy to possess with intent to distribute five (5) kilograms or more of mixture or substance containing a detectable amount of cocaine, as prohibited by Title 21, United States Code 841(a)(1), in violation of 21 United States Code § 846.[4] )(**Criminal No. 03-185, Docket No.10**). The object of the conspiracy was to distribute cocaine and overt acts indicated petitioner was hired to collect a drug debt (Indictment Count One, Overt Acts ¶¶4-6, 8-9).

On February 23, 2004, petitioner entered a plea of guilty pursuant to a government's plea offer under Rule 11(c)(1)(A)(B) of the Fed.R.Crim.P and the Rule 11 hearing was entertained by the Court. Petitioner was held accountable for at least two (2) but less than three point five (3.5) kilograms of cocaine. On July 2, 2004, petitioner was sentenced to a term of imprisonment of seventy (70) months, a supervised release term of four (4) years, and a special monetary assessment of one hundred dollars ($100).

---

[4] 21 U.S.C. §846. Attempt and conspiracy
    Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

## LEGAL ANALYSIS

**I.      The Sentence Imposed Was Not Unconstitutional**.

Petitioner claims his federal sentence should be lowered since the Guideline Range used considered factors based on factual findings by the Court.   Petitioner's request is based under Blakely, 542 U.S. ___, 124 S.Ct at 2531 in which the Supreme Court held as unconstitutional a similar sentencing framework in the state of Washington.

In Blakely, the Supreme Court applied the rule established in Apprendi v. New Jersey, 530 U.S. 466 (2000) and concluded that defendant's sentence was in direct violation of his Sixth Amendment rights.  The Court reiterated that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Blakely, 542 U.S. __, 124 S.Ct. at 2536.  The Court further clarified that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Id. at 2537.  The Court further clarified that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings."  Id.  In applying this rule to the case before them, the Supreme Court determined the trial judge had exceeded his authority when he imposed a sentence relying on facts which were not accepted by defendant.  Id. at 2542.

Angel Torres Quiles v. U.S.
Civil No.  05-1258(SEC)
Criminal No. 03-0185 (SEC)
Report and Recommendation
Page 4

It is appropriate to discuss this Federal Sentencing Guidelines enhancement under Booker/Fanfan, as being the most recent decisions of the United States Supreme Court on this matter.[5] Subsequent to Blakely, in United States v. Booker, 543 US __, 125 S.Ct. 738 (2005) and United States v. Fanfan, 543 US __, 125 S.Ct. 738 (2005), the Supreme Court addressed the constitutionality of the Federal Sentencing Guidelines and failed to eliminate them as unconstitutional, thus, preserving their existence by making them advisory rather than mandatory.  As such, federal courts are still to take into consideration the Federal Sentencing Guidelines when imposing a sentence. *See* Booker, 543 US __, 125 S.Ct. at 738 and Fanfan, 543 US __, 125 S.Ct. at 738.

Thus, the Supreme Court held unconstitutional solely the mandatory application of the Federal Sentencing Guidelines and not the Guidelines themselves.  The remaining portions of the Sentencing Reform Act[6] after excising the mandatory wording and the provision that gave the courts of appeals *de novo* review over certain aspects of sentencing as included in 18 U.S.C. § 3742(3) were left intact.  Thus, there is no violation of constitutional dimension that would merit this petition to be considered.

Therefore, petitioner's claim the sentence imposed should be considered unconstitutional lacks merit.

---

[5] Blakely claims are now viewed through the lens of United States v. Booker.  *See* Cirilo Muñoz v. United States, 404 F.3d 527 (1st Cir. 2005).

[6]  Pub.L. 98-473, Title II, § 211-238, 98 Stat.1987 (1984).

## II. <u>Blakely/Booker</u> Claims Have No Retroactive Application on Collateral Relief.

Petioner has not expressly claimed that <u>Blakely/Booker</u> should be applied retroactively to his case.  Nonetheless, in an abundance of caution, we address the retroactivity issue due to the nature of petitioner's allegations.

The retroactive effect of <u>Booker</u> in establishing a new rule about the federal Sentencing Guidelines was not addressed by the Supreme Court, covering solely those cases which were not final when the decision was issued on January 12, 2005.  <u>Booker</u> 125 S.Ct. at 769.  Thus, like <u>Blakely</u>, <u>Booker</u> is not retroactive. *See* <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005) (<u>Booker</u> does not apply retroactively to criminal cases that became final before its release); <u>Guzmán v. United States</u>, 404 F.3d 139, 140 (2nd Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 860-63 (6th Cir. 2005); <u>United States v. Schneiderhan</u>, 404 F.3d 73 (1st Cir. 2005) (plain error standard applied to determine if defendant would be entitled to remand for re-sentence); <u>United States v. Mackinnon</u>, 401 F.3d 8 (1st Cir. 2005) (The principles announced in <u>Booker</u> apply to all cases pending on direct review); <u>United States v. Sahlin</u>, 399 F.3d 27 (1st Cir. 2005) (<u>Booker</u> provides no basis to vacate the entry of a pre-<u>Booker</u> guilty plea); <u>United States v. Antonakopoulos</u>, 399 F.3d 68 (1st Cir. 2005); *cf.* <u>United States v. Hughes</u>, 396 F.3d 374  (4th Cir. 2005) (enhancement factors for sentencing used by court not jury although correct under the Guidelines allowed for re-sentencing after <u>Booker</u>).

The Court of Appeals for the First Circuit has consistently held that petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive since this would provide an avenue to escape the restrictions Congress has imposed on *habeas* review. United States v. Fraser, 407 F.3d 9 (1st Cir. 2005); Cirilo-Muñoz, 404 F.3d at 527.

In any event under Blakely the arguments raised in this petition would still not be considered to favor the petitioner since, on one hand the Supreme Court has not extended Blakely's holding to the federal sentencing guidelines and on the other hand, even if the Court would apply Blakely to the federal guidelines, Blakely, as well as Booker/Fanfan, does not apply retroactively to initial § 2255 motions for collateral relief.

Thus, no retroactive effect is applicable to this case on collateral review.

### III. Unpreserved Booker-Fanfan Claims.

The argument that a Booker error occurred would be preserved if petitioner below argued Apprendi[7] or Blakely error or that the Sentencing Guidelines were unconstitutional. This is broader in scope than the argument that the mandatory Federal Sentencing Guidelines system was unconstitutional. Generally, there is no Booker argument if the sentence imposed was a statutory mandatory minimum sentence resulting from facts found by a jury or admitted by the defendant. Antonakopoulos, 399 F.3d at 76. Only in limited circumstances do new rules

---

[7] The Court of Appeals for the First Circuit have already decided that Apprendi would not apply retroactively and Booker does not give any clear hint that retroactive effect is intended. Cirilo-Múnoz, 404 F.3d 527.

Angel Torres Quiles v. U.S.
Civil No. 05-1258(SEC)
Criminal No. 03-0185 (SEC)
Report and Recommendation
Page 7

apply to convictions that have already become final. Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). See Cirilo Muñoz, 404 F.3d at 527.

The applicable framework for review of unpreserved Booker claims appears in Antonakopoulos, 399 F.3d at 74, wherein pursuant to the four-prong test established in United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770 (1993), to wit; there must be (1) an error (2) that is plain, and it (3) affects substantial rights and (4) seriously impairs the fairness, integrity, or public reputation of judicial proceedings.

The first two (2) prongs of the plain error test are met whenever the district court treated the Guidelines as mandatory at the time of sentencing. Id. But to meet the third prong of the test, the defendant must persuade us that there is a "reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' Booker regime." Id. "[I]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice under plain-error analysis." Id. at 77 (citations and internal quotation marks omitted). See United States v. Serrano-Beauvaix, 400 F.3d 50 (1st Cir. 2005).

The record in this case fails to show herein petitioner preserved the issues, for which reason we will need to then discuss whether petitioner has met his burden under the third prong enunciated in Antonakopoulos in that there is a reasonable probability he would be sentenced more leniently under an advisory Sentencing Guideline system. See United States v. Fornia-Castillo, 408 F.3d 52 (1st Cir. 2005) (affirming because defendant failed to convince on appeal that a lower sentence would not have been imposed under a post-Booker,

non-mandatory Guidelines regime); *see also* United States v. Vázquez-Rivera, 407 F.3d 476 (1st Cir. 2005); United States v. Tavárez, 2005 WL 1208126 (1st Cir. May 23, 2005).

Petitioner submits the sentencing court's determination as to facts related to his position of trust as a police officer at the time of the offense violated the Supreme Court recent decisions which held as a matter of constitutional law that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," Blakely, 530 U.S. at 488. Thus, the due process clauses of the Fifth and Fourteenth Amendments make the jury the proper decision maker and the reasonable doubt standard is the proper burden, when a fact raises the maximum lawful punishment. *Id*.  This is only applicable in situations where "the judge-made factual determination increased the maximum sentence beyond the statutory maximum, and not in situations where the defendant's potential exposure is increased within the statutory range." United States v. Baltas, 236 F.3d 27, 40 (1st Cir. 2001).

The record shows, nevertheless, that the applicable guideline range considered by the Court and as shown by the Presentence Report fluctuated from fifty seven to seventy one (57-71) months of incarceration as to this petitioner. At the time of sentencing, the Court expressed its view that in imposing the sentence it had considered petitioner's family circumstances, his four (4) children and his wife. However, the Court reiterated his prior determination petitioner had abused his position of trust which was given to him by the people of Puerto Rico. The Court commented that "apart from the seriousness of it, as a public servant and having served in the government of Puerto Rico, it was sad to see our public service being betrayed and the

trust of the people." The Court sincerely hoped the sentence and others will serve as examples to policemen, law enforcement officers and public servants who are sworn to uphold the Constitution and the laws of the Commonwealth of Puerto Rico (Tr. 7-2-2004, p. 14).

Above considerations would be consonant with the Court of Appeals for the First Circuit having recently reiterated a §2255 petitioner needs to establish reasonable probability that the district court would impose a more favorable sentence under the new advisory regime. United States v. Cacho-Bonilla, 404 F3d 84 (1st Cir. 2005). *See* United States v. Wilkerson, 2005 WL 1355138 (1st Cir. 2005); United States v. McLean, 2005 WL 1355147 (1st Cir. 2005); United States v. Kornegay, 2005 WL 1355499 (1st Cir. 2005); United States v. Villafañe-Jiménez, 2005 WL 1331385 (1st Cir. 2005); United States v. Work, 2005 WL 1316738 (1st Cir. 2005).

In the instant petition, not only has petitioner failed to show he could meet the third prong above indicated, but the record defies this resource. Notwithstanding, a sentencing court should be free to re-examine the sentencing factors and divert from its prior ruling in the wave of caution. Petitioner has not established herein there is a likelihood that post-Booker, he would be sentenced more leniently. *See* United States v. Serrano Beauvaix, 400 F.3d 50 (1st Cir. 2005). As such, it would be most difficult for this Magistrate Judge to elucidate at this juncture how a sentencing court might have sentenced a defendant under the regime now established by Booker.

Although the above discussed grounds may consider the herein petition to have no legal merit, the sentencing court's discretionary power cannot be taken lightly as foreclosing all

Angel Torres Quiles v. U.S.
Civil No.  05-1258(SEC)
Criminal No. 03-0185 (SEC)
Report and Recommendation
Page 10

avenues of reconsideration under this §2255 petition.[8]

## IV. The Two (2) Level Enhancement for Abuse of Position of Trust Cannot Be Considered a Sixth Amendment Violation.

Petitioner raises in a general claim the two (2) level enhancement for violation of a position of trust, upon being at the time of the offense a Puerto Rico Police officer, should not have been considered as a factual finding of the sentencing court.

Petitioner in this case did not go to a trial by jury but instead made a change of plea pursuant to a Plea Agreement ("the Agreement").  The Agreement included a Statement of Facts, which was signed by petitioner and his counsel, wherein petitioner acknowledged he was accepting the Agreement which indicated the Sentencing Guideline calculation for a base offense level of twenty eight (28).  Upon a three (3) point reduction for acceptance of responsibility and a two (2) point adjustment for his role in the offense for abuse of a position of public trust, the Total Offense Level was Twenty Seven (27).  Both the Agreement and the presentence report are consonant as to the above. *See* Plea and Forfeiture Agreement, ¶7, pp. 3-4, Presentence Report The Offense Conduct ¶¶ 4-16.

In addition, petitioner did not address the Court during his Rule 11 colloquy as to the plea agreement wherein he was fully aware and admonished: "[t]here is an additional role adjustment of 2 level increased based on the defendants abuse of position of public trust under

---

[8] The sentencing judge in the instant case may revisit this issue on leniency when considering this Magistrate Judge's report and recommendation, as to which petitioner will have an opportunity to submit timely objections. *See* cases cited in Serrano-Beauvaix, 400 F.3d at 50; United States v. Hughes, 396 F.3d 374, 381 n. 8 (4th Cir.2005); United States v. Oliver, 397 F.3d 369, 380 n. 3 (6th Cir. 2005) (*quoting* United States v. Cotton, 535 U.S. 625, 633, 122 S.Ct. 1781 (2002)); United States v. Rodríguez, 398 F.3d 1291, 1301 (11th Cir. 2005).

Case 3:05-cv-01258-SEC   Document 7   Filed 06/15/05   Page 11 of 17

Angel Torres Quiles v. U.S.
Civil No.  05-1258(SEC)
Criminal No. 03-0185 (SEC)
Report and Recommendation
Page 11

section 3B1.3, giving a total offense level of 27" (Tr. 2-23-2004, p. 6); "In fact, this defendant's role, that being Angel Torres, was that of utilizing his position as a Puerto Rico Police officer to recover drug debts for the organization" (*Id*. at 12).

Thus, petitioner admitted in the Agreement and the statement of facts attached thereto, as well as during the Rule 11 colloquy, his role in the offense.  The Government's Version of the Facts accepted by petitioner, while assisted by counsel, indicated that "[i]n fact, the defendant's role in the conspiracy was that of utilizing his position as a Puerto Rico Police Department Officer to recover drug debts for the organization."  Tr. 2-23-2004, p. 12.

Moreover, at all times, the district judge ascertained petitioner understood and agreed to the representations during the Rule 11 colloquy.  The government and the parties acknowledged as to evidence regarding the defendant's role in the offense, including the testimony of a cooperating participant during undercover activities, in addition to audio and video evidence of the illegal activities.

When a defendant pleads guilty or *nolo contendere* to a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

As to the underlying issue of compliance with the Rule, "[o]n a plea, the question under Rule 11(f) [now Rule 11(b)(3) ] is not whether a jury would, or even would be likely, to convict:

Case 3:05-cv-01258-SEC   Document 7   Filed 06/15/05   Page 12 of 17

Angel Torres Quiles v. U.S.
Civil No. 05-1258(SEC)
Criminal No. 03-0185 (SEC)
Report and Recommendation
Page 12

it is whether there is enough evidence so that the plea has a rational basis in facts that the defendant concedes or that the government proffers as supported by credible evidence." United States v. Gandía-Maysonet, 227 F.3d 1, 6 (1st Cir.2000).

Additionally, it is the policy of the law to hold litigants to their assurances at a plea colloquy. United States v. Marrero-Rivera, 124 F.3d 342, 349 (1st Cir. 1994). A defendant should not be heard to controvert his Rule 11 statements in a subsequent § 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statement. United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984).

Furthermore, petitioner did not avail himself of the opportunity during allocution at the time of sentencing to object to the enhancement for violation of a position of trust. Petitioner nor his counsel objected to the Probation Office's Presentence Report, which made reference to his role in the drug trafficking activity as abusing his position of trust to recover drug debts.

Accordingly, the two (2) level enhancement for a violation of a position of trust was proper.

## V.      Ineffective Assistance of Counsel.

Petitioner makes a generalized claim of alleged ineffective assistance of counsel without making any reference as to why his counsel was not effective. Petitioner's ineffective assistance of counsel claim should be addressed under Strickland v. Washington[9].

---

[9] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068 (1984).

Angel Torres Quiles v. U.S.
Civil No. 05-1258(SEC)
Criminal No. 03-0185 (SEC)
Report and Recommendation
Page 13

The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. Strickland v. Washington, 466 U.S. at 687. *See also* López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See* Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*.

Pursuant to Strickland v. Washington, 466 U.S. at 688, counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms. Petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance.

From an examination of the available criminal record, the transcripts of the Rule 11 hearing and of sentencing proceedings, this Magistrate Judge cannot find that defense counsel's performance was unreasonable, there being no need for additional factual determinations to be made which would require an evidentiary hearing related to contentions in the §2255 petition. In reaching our conclusion we take into account petitioner totally failed to address in his petition which acts of counsel could be considered to be ineffective assistance merely

submitting a general assertion.[10]  Thus, we need not dwell on this matter any longer.

In view of the above, petitioner's claim of ineffective assistance of counsel is without merit.

## VI. Failure to Grant the Safety Valve Two (2) Point Credit.

Petitioner also submits that, had the sentencing court reduced the Sentencing Guideline by the two (2) levels provided under the safety valve, it would have carried a much lesser sentence.  The final assertion is correct, but the facts to support petitioner's claim of entitlement to safety valve credit are evidently contradicted by the record and by petitioner's previous decision of rejecting the safety valve benefits as expressed at the Rule 11 hearing, the sentencing proceedings, and even during the presentence interview where he emphasized would not comply with the safety valve requirement, to wit:

a) "8. SAFETY VALVE PROVISIONS: not applicable since the defendant has declined this option."(Plea Agreement ¶8);

b) "The defendant has refused to participate as to the safety valve.  However, the defendant is entitled to a reduction if he so chooses under the safety valve, that being an additional 2 level decrease." (Tr. 2-23-2004, p. 6);

c) "Ms. Plaza: Your Honor, as the court may be aware, based on the presentence report if my client had complied with the safety valve requirements of section 5C1.2 he would be facing a minimum term of imprisonment of 57 months up to 71...  My client is well aware

---

[10] The only assertion as to ineffective assistance states: "3.  These supplemental factors were based upon factual findings by the court and greatly affected and enhanced, **combined with ineffective counsel,** the Petitioner's sentence." (Emphasis supplied)

of the situation and still up to today based on his family circumstances, he will not be inclined to submit to another meeting with the agents." (Tr. 7-2-2004, p. 4).

The criteria for safety valve appears in 18 U.S.C. § 3553(f)(1)-(5) and a defendant needs to comply with all five requirements in that:

> 1) the defendant does not have more than one (1) criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category);
>
> 2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> 3) the offense did not result in death or serious bodily injury to any person;
>
> 4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>
> **5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.** (Emphasis supplied).

Petitioner's sole objection at the sentence hearing appears as to clear and definite statements he would not avail himself of the opportunity for the safety valve. In fact, petitioner was adamant he was not inclined to submit himself to a meeting with the agents, a necessary criteria to receive the benefits of the safety valve (Tr. 7-2-2004, pp.4-5).

In view of the above, it is clear from the record petitioner was not entitled to the two (2) level credit under the safety valve because he did not comply with all the requirements to be entitled to same. Hence, petitioner's claims as to this matter are without merit.

## CONCLUSION

As discussed herein above, petitioner has not established merits to his post-conviction motion. Accordingly, the § 2255 petition should be denied on the grounds above discussed.

In view of the foregoing, it is recommended that petitioner's §2255 motion for post-conviction relief be DENIED. [11]

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

---

[11] A hearing on petitioner's motion is not required in this case. A hearing on petitioner's motion would be required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. §2255.

Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) (quoting Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)). *See* United States v. Rodríguez-Rodríguez, 929 F. 2d 747, 749-50 (1st Cir. 1991); United States v. McGill, 11 F.3d 223, 225- 26 (1st Cir. 1993).

San Juan, Puerto Rico, this 15th day of June of 2005.

                s/ CAMILLE L. VELEZ-RIVE
                  CAMILLE L. VELEZ-RIVE
                  UNITED STATES MAGISTRATE JUDGE